AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Western District of Washington

FILED LODGED
RECEIVED

DEC 06 2017

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

the electronically stored data, information and communications contained in two (2) accounts controlled by Google, Inc., described in Attachment A

Case No. MJ17-5209

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
the electronically stored data contained in accounts controlled by Google, Inc., as further described in Attachment A.

located in the **Northern** District of **California**, there is now concealed *(identify the person or describe the property to be seized)*:


The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 1512(c)(2) | Obstructs, influences, or impedes any official proceeding |

The application is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Special Agent Richard C. Schroff
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 12/06/2017

*Judge's signature*

City and state: TACOMA, WASHINGTON    HON. THERESA L. FRICKE, U.S. MAGISTRATE JUDGE
*Printed name and title*

2017R00962

# AFFIDAVIT OF SPECIAL AGENT RICHARD C. SCHROFF

STATE OF WASHINGTON )
                    ) ss
COUNTY OF PIERCE    )

I, Richard C. Schroff, being first duly sworn on oath, depose and say:

## INTRODUCTION

1. I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI), and have been employed as a criminal investigator with the FBI since July of 2014. I am a graduate of the FBI Academy in Quantico, Virginia and have attended various other trainings such as the U.S. Department of Justice, Asset Forfeiture/Money Laundering Section's Basic Financial Investigation Seminar and a seminar on public corruption lead by the FBI's Public Corruption Unit. The FBI is responsible for enforcing federal criminal statutes of the United States. I am currently assigned to investigate matters of public corruption, but have also investigated violent crime, cases of child exploitation, violations involving controlled substances, and other criminal matters which can generally be referred to as white collar crime. I have gained experience through training and everyday work relating to conducting these types of investigations. As a federal law enforcement officer engaged in enforcing the criminal laws of the United States, I am authorized by the Attorney General to request search warrants.

2. The FBI is conducting an investigation into the obstruction of another criminal prosecution of Charles Andrew Stocker currently pending in U.S. District Court for the Western District of Washington – *United States v. Stocker*, CR17-5116 BHS. Specifically, the FBI is investigating the creation and dissemination of a fictitious list of purported confidential informants bearing letterhead that falsely made it appear as though it originated from U.S. Attorney's Office for the Western District of Washington. It appears that the document may have been created in an attempt to obstruct justice by

1 interfering with, or retaliating against, witnesses in the pending criminal matter against
2 Stocker, in possible violation of 18 U.S.C. §§ 1512 or 1513.

3     3.    The facts set forth in this Affidavit are based on my own personal
4 knowledge; knowledge obtained from other individuals during my participation in this
5 investigation, including other law enforcement officers; interviews of witnesses; and
6 information gained through my training and experience. Because this Affidavit is
7 submitted for the limited purpose of establishing probable cause in support of the
8 application for a search warrant, it does not set forth each and every fact that I or others
9 have learned during the course of this investigation. I have set forth only the facts that I
10 believe are relevant to the determination of probable cause to believe that evidence,
11 fruits, and instrumentalities of violations of the above-mentioned crimes are stored within
12 the Google accounts ▮▮▮▮@gmail.com and ▮▮▮▮@gmail.com.

## PROBABLE CAUSE

14     4.    In 2016, the FBI began investigating allegations that Charles Andrew
15 Stocker ("Stocker"), then a Corrections Officer at the Aberdeen City Jail, was, among
16 other things, tipping off drug traffickers to law enforcement's investigative efforts
17 relating to those drug traffickers, including law enforcement's intended use of
18 confidential informants. On March 15, 2017, a federal Grand Jury returned an Indictment
19 in *United States v. Charles Andrew Stocker*, CR17-5116 BHS, charging Stocker with two
20 counts of aiding and abetting drug trafficking offenses, and two counts of misprision of a
21 felony. The Grand Jury returned a superseding Indictment on September 26, 2017,
22 charging Stocker with one count of aiding and abetting a drug trafficking offense.

23     5.    The FBI is currently conducting an investigation into possible obstruction
24 of justice and witness tampering by Stocker or others. On August 24, 2017, the United
25 States first became aware that an image, which purports to be a list of confidential
26 informants the United States Attorney's Office for the Western District of Washington
27 created, was circulating on the Internet (the "CI List"), specifically on Facebook. The CI
28 List purported to come from the Department of Justice, U.S. Attorney's Office, Western

1  District of Washington and contained the names of U.S. Attorney Annette Hayes, and
2  "United States Assistant Attorney's" Justin Arnold and Vince Lombardi. AUSA's
3  Arnold and Lombardi are the AUSA's handling Stocker's prosecution, and they have not
4  worked on any other cases together in Gray's Harbor County. The main section of the CI
5  List was titled "Grays Harbor Drug Task Force Drug Enforcement Administration
6  Confidential Informants" and contained 44 names, including the names of an informant
7  and victim in the FBI's prior investigation involving Stocker. The GHDTF and DEA
8  have confirmed that the victim listed never worked as a confidential informant for them.
9  No one in law enforcement, including the U.S. Attorney's Office, the FBI, DEA, or
10 GHDTF created the CI List.

11     6. Based upon my investigation, I know that on August 22, 2017, at
12 approximately 3:08 p.m., the Facebook account for "▇▇▇▇▇▇", account ▇▇▇
13 posted the CI List on its Facebook page under the comment "CHECK THIS SHIT OUT
14 PEOPLE." The post has a number of comments attached to it, including one that states,
15 "I for one believe it is totally real, there are too many confirmed rats on there." Later in
16 the evening of August 22, 2017, the Facebook account for "▇▇▇▇", account
17 ▇▇▇▇▇▇, posted a comment on its Facebook page, which states, in relevant part:
18 "Well well well, as I was stolling [sic] through the internet tonight I happened to come
19 across a list with some very fuckin, interesting names on it." The post also specifically
20 references one individual's name on the list (who may be a witness against Stocker) and
21 the fact that it came from the United States Department of Justice. Four minutes later,
22 the ▇▇▇▇▇ account posted another comment on its Facebook page that read,
23 "There's a whole lotta names on that list that we really wouldn't want. To [sic] believe.
24 But believe it bro."

25     7. Special Agent Richard McKinney and I interviewed ▇▇▇▇,[1] the
26 individual using the Facebook ID ▇▇▇▇. ▇▇ reported that he received the CI

---

[1] ▇▇ has a lengthy criminal history, including at least four prior felony convictions, including for burglary in the second degree, VUCSA - possession of a controlled substance without a prescription, escape in the first degree, and

AFFIDAVIT OF RICHARD C. SCHROFF - 3
                                                    UNITED STATES ATTORNEY
                                                    1201 PACIFIC AVENUE, SUITE 700
                                                    TACOMA, WASHINGTON 98402
                                                          (253) 428-380

1 | List via Facebook Messenger from ▓▓▓▓. He said ▓▓▓▓ had told
2 | him that the CI List was, "the jailer Stocker's list."

    8. Special Agent Richard McKinney and I then interviewed ▓▓▓▓ who told us that she received the CI List from a friend named ▓▓▓▓ According to ▓▓▓▓, ▓▓▓▓ told her that ▓▓▓▓ had received the list from "the jailer." ▓▓▓▓ also said that a woman whose name was on the list had been robbed as a result. ▓▓▓▓ noted that ▓▓▓▓ was known for exaggeration and making things up.

    9. On October 9, 2017, Detectives with the Gray's Harbor Drug Task Force (DTF) interviewed ▓▓▓▓ [2] at the request of the FBI. ▓▓▓▓ consented to be interviewed by the Detectives and made a written statement. According to ▓▓▓▓, in late July or early August 2017, ▓▓▓▓ was together with ▓▓▓▓ at the residence of a third party who I do not believe to be associated with this investigation. While at the residence, ▓▓▓▓ showed ▓▓▓▓ three digital images. The first image displayed a list of purported confidential informants with the words "Department of Justice" at the top and the second and third were images of two different handwritten lists of alleged confidential informants. ▓▓▓▓ told ▓▓▓▓ that she had purchased the list from ▓▓▓▓ who was given it by ▓▓▓▓. She further told him that she was confronting those listed. ▓▓▓▓ then forwarded the lists to ▓▓▓▓ via email. ▓▓▓▓ said he then showed the list to ▓▓▓▓ who posted it to Facebook.

    10. During his interview with the DTF Detectives, ▓▓▓▓ forwarded to my FBI email address a copy of an email sent to his email address – ▓▓▓▓@gmail.com – from the email account ▓▓▓▓@gmail.com. I reviewed the email, including the email header information. The email showed that on August 3, 2017 at 10:11 a.m., an email

---

unlawful possession of a firearm by certain person. ▓▓▓▓ also has 7 gross misdemeanor convictions for theft and obstructing a law enforcement officer, and 9 misdemeanor convictions.

[2] ▓▓▓▓ has a criminal history, including 3 gross misdemeanors for phone harassment, aiming and discharging a firearm, and assault in the fourth degree, and 2 misdemeanors for driving while licenses suspended or revoked.

AFFIDAVIT OF RICHARD C. SCHROFF - 4

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-380

from the email address ▮@gmail.com was sent to the email address ▮@gmail.com with two digital images attached. The attachments were named "IMG_0001.JPEG" and "IMG_0002.JPG" and are described as follows:

    a. "IMG_0001.JPEG" depicts a sheet of lined paper with holes on the side as though it were part of a spiral notebook. It appears as though there is writing on the back of the piece of paper. At the top of the page in large letters is written the word, "SNITCHES". Listed on the page are 24 names including those of several individuals who may have been witnesses or provided information to the FBI during the investigation of Stocker, referenced in paragraph 4 of this affidavit, as well as the name of the individual whom ▮ told me was robbed as a result of having been on list of alleged CI's.

    b. "IMG_0002.JPG" depicts another sheet of lined paper that is attached to a black notebook spiral. There is writing on the back of the piece of paper and it appears that this piece of paper is the reverse side of the piece depicted in "IMG_0001.JPEG". On this piece of paper are written 26 names.

It is unclear why ▮ did not forward the image he had of the list to my email. When I contacted Det. Rathbun on November 29, 2017 to clarify whether or not ▮ had shown the detectives the two handwritten lists, the typed list displaying the U.S. Attorney's Officer letterhead, or both, Det. Rathbun stated he did not recall ▮ showing them the typed list during their interview on October 9, 2017. I have not been able to conduct a follow up interview of ▮ as of November 29, 2017.

    11. On October 23, 2017, I interviewed ▮[3] by telephone. She told me that she had previously been in a romantic relationship with ▮. She said he had sent her

---

[3] ▮ has a criminal history, including 5 gross misdemeanors for theft in the third degree and violations of domestic violence orders.

AFFIDAVIT OF RICHARD C. SCHROFF - 5

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-380

1  an image of the typed list from his email account to hers on August 22, 2017 at 4:59am.
2  ███ made several attempts at forwarding a copy of the email she had received from
3  ███ to my government email address. The first attempt at forwarding included an
4  email from "███████" using the email address ███████@gmail.com sent to
5  ███████ email, ███████@gmail.com. The email failed to include the image
6  of the alleged informants. ███ made a second attempt at forwarding the list. This email
7  included a screen shot of her phone. I recognized the image taken in the screen shot to be
8  from a Gmail mobile application. I know Gmail to be the email service provided by
9  Google, which is commonly accessed by users on a software application on their mobile
10 devices. The screenshot showed an email titled "secret" from ███ to ███, using the
11 same email addresses listed above, and displaying an image which was titled
12 "untitled.jpg". The image, "untitled.jpg", showed what appeared to me to be the list,
13 which was described above in this affidavit. ███ third attempt at forwarding the list
14 including an identical image as her second attempt.

15  12. On ███████ Special Agent Richard McKinney and I interviewed
16 ███ at the Grays Harbor County Jail where she was awaiting trial on various drug
17 charges. ███ told me that she had only seen the list of alleged informants on
18 Facebook. She explained that several different people had sent the list to her, and the
19 first time she had seen it was the week before she was booked into jail on ███████
20 ███. She said she was unable to recall the names of anyone that had sent her the list on
21 Facebook. When asked where she thought the list originated from, she said that it
22 originated from a group of prostitutes that were discussing informants and created the list,
23 though she was not sure of the names of any of the girls that were involved in compiling the
24 list.

25  13. I showed ███ "IMG_0001.JPEG" and "IMG_0002.JPG." I only showed
26 ███ the images, and not the emails that would have revealed that they were sent from
27 her email account to ███. Despite the emails originating from her account with the
28 images attached, ███ claimed she had never seen the lists before and noted that it

AFFIDAVIT OF RICHARD C. SCHROFF - 6

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-380

1 looked like a female's handwriting. I asked her if she had received the images from
2 ▇, and she responded by saying she had only met ▇ once and seen him
3 around a few additional times and asked how long ▇ had been in jail.

4     14. On October 30, 2017, I sent a preservation letter to Google requesting that
5 they preserve and maintain all records and contents of communications associated with
6 the email accounts ▇@gmail.com and ▇@gmail.com.

## BACKGROUND REGARDING GOOGLE SERVICES

    15. In my training and experience, I have learned that Google provides a variety of on-line services, including electronic mail ("e-mail") access, instant messaging services (otherwise known as "chat" messaging), and voice over internet protocol accounts to the general public. Google provides subscribers e-mail, telephone and chat accounts at the domain names @gmail.com.

### A. Subscriber Records and Account Content

    16. Subscribers obtain an account by registering with Google. When doing so, providers like Google ask the subscriber to provide certain personal identifying information. This information can include the subscriber's full name, physical address, telephone numbers and other identifiers, alternative e-mail addresses, and, for paying subscribers, means and source of payment (including any credit or bank account number). In my training and experience, such information may constitute evidence of the crimes under investigation because the information can be used to identify the account's user or users, and to help establish who has dominion and control over the account.

    17. Internet service providers typically retain certain transactional information about the creation and use of each account on their systems. This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account (such as logging into the account via Google's websites), and other log files that reflect usage of the account. In addition, e-mail providers often have records of the

1 Internet Protocol address ("IP address") used to register the account and the IP addresses
2 associated with particular logins to the account. Because every device that connects to
3 the Internet must use an IP address, IP address information can help to identify which
4 computers or other devices were used to access the e-mail account.

5     18. In some cases, e-mail account users will communicate directly with an e-
6 mail service provider about issues relating to the account, such as technical problems,
7 billing inquiries, or complaints from other users. E-mail providers typically retain
8 records about such communications, including records of contacts between the user and
9 the provider's support services, as well records of any actions taken by the provider or
10 user as a result of the communications. In my training and experience, such information
11 may constitute evidence of the crimes under investigation, because the information can
12 be used to identify the account's user or users.

13     19. In general, an e-mail that is sent to a Google subscriber is stored in the
14 subscriber's "mail box" on Google servers until the subscriber deletes the e-mail. When
15 the subscriber sends an e-mail, it is initiated at the user's computer, transferred via the
16 Internet to Google servers, and then transmitted to its end destination. Google often
17 maintains a copy of received and sent e-mails. Unless the sender specifically deletes an
18 e-mail or chat from the Google server, the e-mail can remain on the system indefinitely.
19 Even if the subscriber deletes the message, it may continue to be available on Google's
20 servers for some period of time.

21     20. A sent or received e-mail typically includes the content of the message,
22 source and destination addresses, the date and time at which the e-mail was sent, and the
23 size and length of the e-mail. If an e-mail user writes a draft message but does not send
24 it, that message may also be saved by Google but may not include all of these categories
25 of data.

26 **B. Customer Service Communications**

27     21. In some cases, e-mail account users will communicate directly with an e-
28 mail service provider about issues relating to the account, such as technical problems,

AFFIDAVIT OF RICHARD C. SCHROFF - 8

1 billing inquiries, or complaints from other users. E-mail providers typically retain
2 records about such communications, including records of contacts between the user and
3 the provider's support services, as well records of any actions taken by the provider or
4 user as a result of the communications. In my training and experience, such information
5 may constitute evidence of the crimes under investigation because the information can be
6 used to identify the account's user or users.

### INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

22. Pursuant to Title 18, United States Code, Section 2703(g), this application and affidavit for a search warrant seeks authorization to permit Google and its agents and employees, to assist agents in the execution of this warrant. Once issued, the search warrant will be presented to Google with direction that it identify the accounts described in Attachments A-1 to A-2 to this affidavit, as well as other subscriber and log records associated with the accounts, as set forth in Section I of Attachments B-1 to B-b to this affidavit.

23. The search warrants will direct Google to create exact copies of the specified accounts and records.

24. I, and/or other law enforcement personnel will thereafter review the copies of the accounts and records provided by Google and identify from among that content those items that come within the list of items identified in Section II to Attachment B for seizure.

25. Analyzing the data contained in the accounts may require special technical skills, equipment, and software. It could also be very time-consuming. Searching by keywords, for example, can yield thousands of "hits," each of which must then be reviewed in context by the examiner to determine whether the data is within the scope of the warrant. Merely finding a relevant "hit" does not end the review process. Keywords used originally need to be modified continuously, based on interim results. Certain file formats, moreover, do not lend themselves to keyword searches, as keywords, search text, and many common e-mail, database and spreadsheet applications do not store data

AFFIDAVIT OF RICHARD C. SCHROFF - 9

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-380

1 as searchable text. The data may be saved, instead, in proprietary non-text format. And,
2 as the volume of storage allotted by service providers increases, the time it takes to
3 properly analyze recovered data increases, as well. Consistent with the foregoing,
4 searching the recovered data for the information subject to seizure pursuant to this
5 warrant may require a range of data analysis techniques and may take weeks or even
6 months. All forensic analysis of the data will employ only those search protocols and
7 methodologies reasonably designed to identify and seize the items identified in Section II
8 of Attachments B to the warrant.

9  26. Based on my experience and training, and the experience and training of
10 other agents with whom I have communicated, it is necessary to review and seize a
11 variety of e-mail communications that identify any users of the subject accounts and e-
12 mails sent or received in temporal proximity to incriminating e-mails that provide context
13 to the incriminating communications.

**REQUEST FOR NONDISCLOSURE AND SEALING**

15  27. The United States requests, pursuant to the preclusion of notice provisions
16 of Title 18, United States Code, Section 2705(b), that Google be ordered not to notify any
17 person (including the subscriber or customer to which the materials relate) of the
18 existence of this warrant for 12 months. Since the allegations invole possible witness or
19 informant tampering, the need to seal the materials and order Google not to disclose the
20 search warrant is particularly important here. Disclosure might provide potential suspects
21 with information about the United States' investigation that could be used to frustrate
22 further investigative efforts, including other attempts at witness intimidation and the
23 destruction of electronic evidence. Accordingly, there is reason to believe that
24 notification of the existence of the search warrant will seriously jeopardize the
25 investigation or unduly delay a trial, including by giving targets an opportunity to flee or
26 continue flight from prosecution, destroy or tamper with evidence, change patterns of
27 behavior, or intimidate potential witnesses. *See* 18 U.S.C. § 2705(b).

AFFIDAVIT OF RICHARD C. SCHROFF - 10

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-380

28. It is further respectfully requested that this Court issue an order sealing all papers submitted in support of this application, including the application and search warrant: (1) for 12 months; (2) until charges are filed; or (3) until the investigation is closed, whichever event is earliest. I believe that sealing is necessary for the same reasons stated above in support of my request for non-disclosure orders.

**PAST EFFORTS TO OBTAIN EVIDENCE.**

15. I understand that the contents of the subject email accounts can only be obtained, in the Ninth Circuit, by means of a search warrant issued under authority of Title 18, United States Code, Sections 2703(a), 2703(b)(1)(A), 2703(c)(1)(A), and Rule 41(e)(2)(b) of the Federal Rules of Criminal Procedure. To my knowledge, there have been no prior attempts to secure a search warrant to search and seize these records.

**CONCLUSION**

29. Based on the foregoing, I believe there is probable cause that evidence, fruits, and instrumentalities of violations 18 U.S.C. § 1512 - Tampering with a witness, victim, or an informant and 18 U.S.C. § 1513 - Retaliating against a witness, victim, or an informant are stored as files within the Google account assigned the email address ▓▓▓@gmail.com and ▓▓▓@gmail.com, as more fully described in Attachment A to this Affidavit. I therefore request that the Court issue a warrant authorizing a search of the Google account assigned the email address ▓▓▓@gmail.com and ▓▓▓@gmail.com for the items more fully described

//
//
//
//
//

AFFIDAVIT OF RICHARD C. SCHROFF - 11

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-380

in Attachment B hereto, incorporated herein by reference, and the seizure of any such items found therein.

Dated this 6th day of December, 2017.

Special Agent Richard C. Schroff
Federal Bureau of Investigation

Subscribed and sworn to before me this 6th day of December, 2017.

The Honorable Theresa L. Fricke
United States Magistrate Judge

AFFIDAVIT OF RICHARD C. SCHROFF - 12

# ATTACHMENT A
## DESCRIPTION OF ITEMS TO BE SEARCHED

The electronically stored information and communications contained in, and associated with the following Google Gmail accounts:

███████@gmail.com and ███████@gmail.com

as well as all other subscriber and log records associated with these accounts, which are located at premises owned, maintained, controlled or operated by Google Inc., an e-mail provider located at 1600 Amphitheatre Parkway, Mountain View, California, 94043.

ATTACHMENT A

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-380

# ATTACHMENT B
# ITEMS TO BE SEIZED

I.  **Items to be to be Provided by Google Inc. for search:**

   a.  All electronically stored information and communications contained in the accounts:

   ▆▆▆▆▆@gmail.com and ▆▆▆▆▆@gmail.com

Including, but not limited to, all account registration information, education, work history, contact information, linked web addresses and posted images, content and logs;

   b.  All subscriber records associated with the specified accounts, including name, address, local and long distance telephone connection records, or records of session times and durations, length of service (including start date) and types of service utilized, telephone or instrument number or other subscriber number or identity, (including any temporarily assigned network address, and means and source of payment for such service) including any credit card or bank account number;

   c.  any and all other log records, including IP address captures, associated with the specified accounts;

   d.  any address lists or buddy lists associated with the specified accounts;

   e.  any records of communications between Google Inc. and any other person about issues relating to the accounts, such as technical problems, billing inquiries, or complaints from other users about the specified accounts. This to include records of contacts between the subscriber and the provider's support services, as well as records of any actions taken by the provider or subscriber as a result of the communications.

II. **Items to be Seized**

   a.  From all electronically stored information and communications contained in the e-mail accounts:

   ▆▆▆▆▆@gmail.com and ▆▆▆▆▆@gmail.com

   1.  Content containing information pertaining to confidential informants or any other individual that may be in any way working with or cooperating with law enforcement.

2. Any content concerning any confidential informants or confidential informant lists which appears as though it originated from the United States Department of Justice, the United States Attorney's Office for the Western District of Washington, the Federal Bureau of Investigation, the Drug Enforcement Administration, the Gray's Harbor County Drug Task Force, or any other law enforcement agency.

3. Content relating to communications between ▓▓▓ Charles Andrew "Andy" Stocker, ▓▓▓.

ATTACHMENT B - 2

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-380